UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON EUGENE DEAN, | No. 2:18-cv-01776 CKD P |
| Plaintiff, | |
| v. | ORDER |
| TOMMY DANSBY, et al., | |
| Defendants. | |

Plaintiff is a prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On July 5, 2018, plaintiff consented to the jurisdiction of the undersigned. ECF No. 6.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court now takes judicial notice of the national pro se "three strikes"

1

database, and the cases therein cited, which a Ninth Circuit committee has directed this court to access for PLRA three-strikes screening purposes.[1]  In this database, plaintiff is identified as a litigant with no less than five strikes.[2]  The court herein lists the cases which expressly state in the order clause that the respective case was being dismissed for failure to state a claim: 1) <u>Dean v. Sullivan</u>, No. 2:98-cv-00717-LKK-DAD-P (E.D. Cal. March 22, 1999) (dismissing action for failure to state a cognizable claim); 2) <u>Dean v. Melching</u>, et al., No. 1:00-cv-05522-AWI-DLB-P (E.D. Cal. October 26, 2000) (dismissing action with prejudice for plaintiff's failure to file a second amended complaint and failure to state a claim upon which relief may be granted); 3) <u>Dean v. Cavagnaro</u>, et al., No. 1:09-cv-00852-SMS-P (E.D. Cal. October 21, 2009) (dismissing action with prejudice for plaintiff's failure to state any claims upon which relief may be granted under section 1983); and, 4) <u>Dean v. Street</u>, No. 2:10-cv-00672-MCE-GGH (E.D. Cal. May 6, 2010) (dismissing action with prejudice for failure to state a claim).  Each of these cases was dismissed prior to the filing of the instant complaint on June 20, 2018.

        The court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint.  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; <u>see also</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312-14 (3rd Cir. 2001); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999).

        Based on a review of the initial complaint, the court is unable to discern any credible allegations of an imminent danger of serious injury to plaintiff at the time he filed the complaint

---

[1] Judicial notice may be taken of court records.  <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

[2] Section 1915(g) applies to plaintiffs who are in custody as the result of a conviction or who have been detained for an alleged criminal law violation.  <u>Andrews v. King</u>, 398 F.3d 1113, 1122 (9th Cir. 2005).  Based on the allegations in the complaint, it appears that plaintiff is presently detained in the Sacramento County Jail for an alleged violation of criminal law.

on June 20, 2018.[3] Plaintiff alleges that family members intimidated, threatened, and attempted to murder him for his inheritance and denied him access to his financial records and SSI payments between 2015 and 2018. ECF No. 1 at 3. The actions of his family members culminated in his assault by snakes after which he was "beaten, robbed, and eventually incarcerated." Id. However, all of these allegations occurred prior to plaintiff's incarceration.[4] Therefore, even assuming the accuracy of this information, it does not demonstrate an imminent danger of serious injury to plaintiff while housed at the Sacramento County Main Jail. Accordingly, plaintiff is barred by the three- strikes provision of § 1915(g) from proceeding in this action in forma pauperis. Plaintiff is granted twenty-eight days to pay the filing fee in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is denied;
2. Plaintiff is granted twenty-eight days from the date of this order to pay the filing fee of $400; and,
3. The failure to pay the filing fee will result in a recommendation that this action be dismissed.

Dated: October 15, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/dean1776.denyIFP3Striker.docx

---

[3] Plaintiff subsequently filed a first amended complaint on July 5, 2018. See ECF No. 7.

[4] The only allegation involving a police officer occurred on an unspecified date at a McDonald's restaurant on Alhambra Boulevard where a Captain Cleveland "forced a real live snake" up plaintiff's rectum. ECF No. 1 at 5. Plaintiff was then transported to Sutter General Hospital where he was released after a one night stay. Id.

3